SUCESIÓN J. SERRALLÉS, Plaintiff and Appellant, *v.* ARMANDO LOYOLA, Defendant and Appellee.

No. 9440. Argued March 3, 1947.—Decided April 22, 1947.

*Leopoldo Tormes García* for appellant. *Frank Torres* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Sucesión J. Serrallés, owner of Estate Mercedita, filed in the District Court of Ponce an action of unlawful detainer against one of its workmen, who had been hired as "water overseer" (*mayordomo de agua*) in one of the plaintiff's sugar-cane plantations. It was alleged in the complaint that the defendant earned a salary exceeding $1,000 per annum and that "in connection with the contract of lease of services to be rendered by said defendant to the plaintiff, the latter assigned to the former as a dwelling for himself and his family and as a convenience to him, in addition to his salary and without paying any rent therefor, *but with the understanding that it might yield a rental of not less than $20 monthly,*" the house described in the complaint. The defendant ceased working for the plaintiff and refused to vacate the house.

The defendant answered and alleged that, as the rental agreed between the parties amounted to $20 monthly or $240

yearly, it was insufficient to vest the district court with jurisdiction to take cognizance of the case in the first instance. Paragraph 2 of the answer states:

"3. The defendant admits that the rental of the house involved herein is $20 monthly, but he further alleges that said $20 monthly of lease rental agreed between the parties formed part of the contract of lease of services which he rendered, in his capacity as overseer, to the plaintiff, and that said lease rental was always considered as a part of his salary."

The district court held that it lacked jurisdiction, inasmuch as the value or amount involved in the contract did not exceed the jurisdictional amount of $1,000. The complaint was dismissed and the plaintiff thereupon appealed.

The only question for us to consider and decide is whether the lower court erred in dismissing the complaint for lack of jurisdiction.

■ Plaintiff's possession in the instant case is not at sufferance. We have already decided in *Cerra* v. *González,* 29 P.R.R. 270; *Padua* v. *Municipal Court,* 55 P.R.R. 781; and *Fajardo Sugar Growers Association* v. *Rosa,* 65 P.R.R. 294, that when there is involved a contract of services including habitation for the employee, if upon the latter being requested to relinquish the house at the termination of his employment he refuses to do so, his possession can not be characterized as at sufferance but it originates from the contract of lease of services. In *Cerra* v. *González, supra,* we held that "Possession at sufferance generally originates from acts of generosity, or mere tolerance, or the negligence or ignorance of the owner. When there is a contract the amount fixed necessarily controls the jurisdiction."

■ Section 622 of the Code of Civil Procedure, 1933 ed., provides:

"The municipal judges of the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, com-

puted annually. In all other cases the district court of the district where the property is situated shall have jurisdiction of the action, . . . ."

Section 1477 of the Civil Code, 1930 ed., provides that "the dismissal of field hands, mechanics, artisans and other hired laborers to which the preceding sections refer, gives the right to dispossess them of all tools and buildings which they may occupy under the contract." The same right is granted by § 621 of the Code of Civil Procedure, 1933 ed.

In *Padua v. Municipal Court, supra,* an unlawful detainer proceeding was instituted to dispossess the defendant of the building that he had occupied by virtue of a contract of employment wherein part of his compensation consisted of his using as a dwelling a house which was the property of the plaintiff. The salary was fixed at $30 monthly, including the right to occupy the house involved in the proceeding, but no amount was fixed as the value of the occupancy of the house. We held, citing the decisions of the Supreme Court of Spain of July 8, 1898, and of December 23, 1904, that "as the value or amount involved in the contract does not exceed the jurisdiction amount of $1,000 (computed annually), we must hold that the District Court of Arecibo did not err in deciding that the Municipal Court of Utuado had jurisdiction to decree the ejectment."

In *Fajardo Sugar Growers Assn. v. Rosa, supra,* wherein no lease rental for the house occupied by the defendant had been stipulated by the parties, either, we held that the jurisdiction to take cognizance of the action of unlawful detainer brought by the Central against one of its workmen was vested in the municipal court and not in the district court.

In the case at bar the trial judge found that the defendant earned a salary of $75 monthly and, as a part of his compensation, he was entitled to use the dwelling house already mentioned. It is true that in the complaint it was alleged that the house might yield a rental of $20 monthly, but that allegation does not imply that the defendant and the plaintiff had

agreed that the latter would occupy the house under lease for a rental of $20 monthly and that he was not required to pay that amount because both parties regarded it as additional compensation apart from the $75 monthly which the defendant earned as salary. As the lower court said, . . . "the plaintiff itself stated in its pleadings as well as in its evidence, that the house . . . was assigned to the defendant as a dwelling for himself and his family and *as a convenience of his employment and without paying any rent therefor.*" (Italics ours.) In these circumstances we must start from the premise that the compensation fixed by the contract of employment was $75 monthly, that is, $900 annually, and since this amount is less than the one fixed by law for conferring jurisdiction on the district courts in cases of unlawful detainer, the lower court did not err in dismissing the complaint for want of jurisdiction.

The judgment appealed from should be affirmed.